Opinion of the Court.
Hortvblower, C. J.
This action was commenced in the court for the trial of small causes, on the 22d July, 1839. The state of demand is for articles sold and services rendered in the year 1827 ; and for a sum of money alleged to have been paid by the plaintiff, for the defendant, in the year 1830. These items with sundry additions for interest, swell the demand to fifty dollars ; for which sum the action was brought. The defendant pleaded the statute of limitations, and after hearing the parties, the Justice gave judgment for the plaintiff, for thirty dollars and forty cents, with costs. From that judgment the defendant, Ivins appealed. On the trial of the appeal, the Common Pleas gave judgment as follows: “This cause being called &c. and the court having seen and inspected the record &c. heard the witnesses, and the arguments of counsel, do in all things affirm the judgment of the court below; and do give judgment in favor of the appellee and against the appellant, for thirty-one dollars and eiglity-six cents debt, and the sum of dollars and cents costs, before the Justice, besides the costs of the appellee upon the appeal, to be taxed.”
It is manifest upon the very face of the record, that the judgment of the Common Pleas, is irregular, contradictory and imperfect. It first affirms the judgment of the Justice, in all things. That judgment was for thirty dollars and forty cents debt, and three dollars and six and a quarter cents costs. It then proceeds, and gives judgment for the plaintiff below, for thirty-one dollars and eighty cents debt, and blank dollars and blank cents, costs before the justice, with costs on appeal to be taxed.
*270 In the first place, a mere affirmance of the judgment below, if it had stopped there, has repeatedly been decided to be erroneous. Woodruff v. Badgely, 7 Halst. 367, in which case the court say, the judgment must be specific, both as to the debt or damages and costs. See too, Jones v. Pitman, Id. 93. If the judgment is affirmed in all things, the court must go further and specify the amount of debt or damages and costs, for which they give judgment. But if, as in this case, the Common Pleas give a different judgment from that rendered by the Justice, they ought to reverse that judgment and give judgment for so much, (naming it of debt or damages, and so much costs &c. Hendriecks v. Craig, 2 South. 567, 569. In Hann v. Gosling, 4 Halst. 248, the judgment was,. “ the court do affirm the judgment of the justice below, with costs of increase : whereupon it is considered, that the said John Goslin do recover of the said Azariah Hann, the sum of debt and costs of suit: and Chief Justice Ewing said, “the judgment was not properly entered : no sum was mentioned,” and the judgment was reversed. In the case now before us, the court affirmed the first judgment in all things, and then gave a new judgment for a different sum. Both cannot possibly stand, and no execution could be issued corresponding with the record, to say nothing of the blanks.
But another and fatal objection exists to the judgment. The statute of limitations was improperly overruled. The demand upon the face of it was barred by that statute, and no evidence was given by the plaintiff to take his case out of the operation of it. He proved indeed, that he had sued the defendant within six years then last past, before another Justice, for the very same cause of action ; and that the defendant appeared, and nonsuited him, for not filing a sufficient state of demand. But no evidence whatever was given of any ack íowledgment by the defendant within six years, or of any other matter, to take the case out of the statute.
Judging from the argument of counsel for the defendant on Certiorari, the Justice and the court of Common Pleas, must have thought, commencing an action within six years, would bar the operation of the statute, although the plaintiff was nonsuited in that action, or otherwise abandoned it. If so, they committed an error, and the judgment must be reversed. The statute, Elm. *271 Dig. 317, § 12 provides, that if a judgment be arrested, or reversed for error, the plaintiff shall have one year thereafter, within which he may commence a new action : but there is no such saving in case of nonsuit. On both grounds therefore, this judgment must be reversed.

Judgment reversed.

Cited in Cook v. Briefer, 4 Harr. 74.